## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JACOB RATIGAN,

    Plaintiff,

vs.                                                               No. CIV 18-0949 JB\KBM

CURRY COUNTY DETENTION
CENTER, and CURRY COUNTY
DETENTION CENTER MEDICAL STAFF,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Plaintiff's 1983 Prisoner Civil Rights Complaint, filed October 11, 2018 (Doc. 1)("Complaint"). Plaintiff Jacob Ratigan is incarcerated and proceeding pro se. Because Ratigan has not complied with the Order to Cure Deficiencies, filed October 31, 2018 (Doc. 3)("Cure Order"), in connection with his Complaint, the Court will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on October 11, 2018. See Complaint at 1. He alleges prison officials waited approximately twelve to sixteen hours before treating his fractured hand. See Complaint at 2. He seeks $250,000.00 in damages under 42 U.S.C. § 1983 and N.M. Stat. Ann. § 42-2-22.[1] See Complaint at 3. The Complaint consists of three handwritten pages. See Complaint at 1-3. The Complaint is not signed under penalty of perjury as rule 11(a) of the Federal Rules of Civil Procedure requires, nor is it accompanied by the $400.00 civil filing fee or

---

[1] Ratigan likely does not mean to cite to N.M. Stat. Ann. § 42-2-22, as this statute relates to flood control and in citing to it he writes, "[i]n accordance to New Mexico guidelines (42-2-22) of the 1983 claims of tort. That all defendants are acting under color of state." Complaint at 1.

an in forma pauperis motion.  See Complaint at 1-3.  On October 11, 2018, the Court referred the matter to the Honorable Karen B. Molzen, United States Magistrate Judge for the District of New Mexico, for recommended findings and disposition, and for entering non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed October 11, 2018 (Doc. 2).

Judge Molzen entered the Cure Order on October 31, 2018.  See Cure Order at 1.  The Cure Order set a deadline of December 3, 2018, for Ratigan to submit a sworn civil rights complaint and to address the filing fee.  See Cure Order at 2.  Ratigan had the option of prepaying the $400 civil filing fee for this action or, alternatively, submitting an application to proceed in forma pauperis.  See Cure Order at 2.  The Cure Order also directed the Clerk of Court to mail to Ratigan a form Civil Rights Complaint -- which includes the necessary language for signing under penalty of perjury -- and an Application to Proceed in District Court Without Prepaying Fees or Costs.  See Cure Order at 2.  The Court warned Ratigan that the failure to timely cure the deficiencies may result in dismissal of this action without further notice.  See Cure Order at 1.  Plaintiff did not submit either document, show cause for his failure to comply, or otherwise respond to the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)(quoting Reed v.

Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

In light of Ratigan's failure to comply with, or respond to, the Cure Order, the Court will dismiss this case without prejudice pursuant to rule 41(b). See Olsen v. Mapes, 333 F.3d at 1204. If Ratigan still wishes to pursue his claims, he must file a new complaint along with the filing fee or an in forma pauperis motion.

**IT IS ORDERED**: (i) the Plaintiff's 1983 Prisoner Civil Rights Complaint, filed October 11, 2018 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jacob Ratigan
Curry County Detention Center
Clovis, New Mexico

    *Plaintiff pro se*